UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAM J. PEARSON, IV,

    Plaintiff,

v.                                                            Case No. 3:15cv577/MCR/CJK

STATE OF FLORIDA,

    Defendant.

_____/

REPORT AND RECOMMENDATION

This matter is before the court on the filing of Mr. Pearson's "Notice of Removal."[1] (Doc. 1). After reviewing the Notice of Removal, the undersigned recommends that the cases identified in the Notice of Removal be remanded to state court.

Pearson seeks to remove multiple cases from state to federal court pursuant to 28 U.S.C. § 1443. (Doc. 1, p. 1). The Notice of Removal lists three cases currently pending against Pearson in Escambia County: (1) 2015- CT-03207–a criminal traffic violation for driving on a suspended or revoked license; (2) 2015-TR-29587–a traffic infraction for failing to use a seat belt; and (3) 2015-TR-29863–a traffic infraction for

---

[1] Mr. Pearson filed a similar notice of removal in Northern District of Florida Case No. 3:15cv514/MCR/CJK.

failing to maintain proof of insurance.[2]  As grounds for removal, plaintiff asserts the State of Florida has charged him with a crime without having: (1) subject-matter jurisdiction; (2) corpus delecti; (3) evidence of a crime; and (4) motive or intent to commit a crime.  (*Id.*).  In addition, plaintiff asserts, "I am not a subject of the State, yet I have been denied and cannot enforce, in the judicial tribunals of the State, any of my rights secured by law."  (*Id.*).

Under 28 U.S.C. § 1443, a civil action or criminal prosecution may be removed from a state court to a federal district court when the state action is

> (1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the grounds that it would be inconsistent with such law.

*Id.*  "Removal jurisdiction raises unique federalism concerns; thus, a district court must construe removal statutes strictly and doubts concerning jurisdiction should be resolved in favor of remand to state court."  *Florida v. Walker*, No. 6:15-cv-555-Orl-18KR, 2015 WL 4509667, at *2 (M.D. Fla. July 24, 2015) (*citing Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).

---

[2] *See* Escambia County Florida Clerk of the Circuit Court, Court Records, http://www.escambiaclerk.com/xml/xml_web_1a.asp, (last visited Jan. 14, 2016)

As set forth above, "[u]nder 28 U.S.C. § 1443, criminal defendants are entitled to remove their state prosecutions to federal court in extremely limited circumstances." *Id.* (internal marks omitted). "In order to properly remove a state court action to federal court under § 1443, 'the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.''" *Id.* (*quoting Alabama v. Conley*, 245 F.3d 1292, 1294 (11th Cir. 2001)). The phrase "any law providing for . . . equal civil rights" does not "include rights of 'general application available to all persons or citizens.'" *Conley*, 245 F.3d at 1295 (*quoting Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). In addition, "the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* (*citing Rachel*, 384 U.S. at 794).

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Here, Pearson's stated grounds for removal concern the jurisdiction of the state court and the sufficiency of the evidence against him in various traffic cases. He also makes the vague and conclusory assertion that he cannot enforce his rights in state court. Pearson's Notice of Removal fails to demonstrate that he is unable to enforce in state court, or that the state courts have otherwise denied him, any specific civil right arising from a federal law providing for

Page 4 of 5

that right stated in terms of racial equality.  *See Taylor v. Phillips*, 442 F. App'x 441, 442-43 (11th Cir. 2011) ("Blanket charges that a defendant is unable to obtain a fair trial in state court are insufficient to support removal.").  Because it plainly appears from the face of Pearson's notice that there is no basis for him to remove his state cases to federal court, and that attempted removal is patently frivolous, the cases should be summarily remanded.

Accordingly, it is respectfully RECOMMENDED:

1. That Mr. Pearson's cases, Escambia County Circuit Court Case Nos. 2015-CT-03207, 2015-TR-29587, and 2015-TR-29863, be REMANDED to the state court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of January, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  See U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.